Case 4:15-cv-03620 Document 24 Filed in TXSD on 08/01/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
August 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD RICKS, <br> TDCJ #1441429, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-15-3620 |

### MEMORANDUM OPINION AND ORDER

State inmate Reginald Ricks (TDCJ #1441429) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") under 28 U.S.C. § 2254 to challenge a 2007 state court conviction (Docket Entry No. 1). Now pending is Respondent's Motion to Dismiss with Brief in Support ("Motion to Dismiss") (Docket Entry No. 20) and Petitioner's Response to Respondent's Motion to Dismiss with Brief in Support ("Petitioner's Response")(Docket Entry No. 23). After considering the pleadings and the applicable law, the court will grant Respondent's Motion and dismiss this case for the reasons explained below.

### I. Background

Ricks was charged in cause number 1112841 with the felony

offense of injury to a child causing serious bodily injury.[1] The indictment was enhanced for purposes of punishment with allegations that Ricks had a prior felony conviction for injury to a child.[2] On May 1, 2007, a jury in the 263rd District Court of Harris County, Texas, found Ricks guilty as charged.[3] After Ricks admitted that the enhancement allegations were true, the trial court sentenced him to 50 years' imprisonment.[4]

Ricks did not file a notice of appeal until December 28, 2009. See Ricks v. State, No. 14-10-00079-CR, 2010 WL 454950, *1 (Tex. App. — Hous. [14th Dist.] Feb. 11, 2010, no pet.) (per curiam). The court of appeals dismissed his appeal for lack of jurisdiction as untimely filed. See id.

On December 11, 2015, Ricks executed the pending Petition, seeking federal habeas corpus relief from his conviction under 28 U.S.C. § 2254.[5] In four related grounds Ricks contends that he is entitled to relief because he was denied his right to a direct appeal.[6] The respondent moves to dismiss, arguing that the Petition is barred by the governing one-year statute of limitations on federal habeas corpus review.

---

[1] Indictment, Docket Entry No. 19-3, p. 6.

[2] Id.

[3] Judgment of Conviction by Jury, Docket Entry No. 19-3, p. 53.

[4] Id.

[5] Petition, Docket Entry No. 1, p. 10.

[6] Id. at 6-7.

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly

applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

To the extent that Ricks challenges a state court judgment of conviction, the statute of limitations began to run pursuant to § 2244(d)(1)(A) when his time to file a direct appeal expired. As noted above, Ricks did not file a timely notice of appeal from his conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, his conviction became final for purposes of federal habeas corpus review on about May 31, 2007, thirty days after the day his sentence was imposed. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012) (observing that a state court conviction becomes "final" for purposes of the AEDPA at the conclusion of direct review or when the time for seeking direct review expires). That date triggered the statute of limitations, which expired one year later on June 2, 2008.[7] As a result, the pending Petition, filed on December 11, 2015, is late by more than seven years and is therefore barred from federal review by the statute of limitations unless Ricks establishes that an exception applies.

## B. Statutory Tolling

A habeas petitioner may be entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application

---

[7]May 31, 2008 was a Saturday. Therefore, Ricks had until Monday June 2, 2008 in which to file a federal petition.

for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Ricks filed a state application for a writ of habeas corpus on January 10, 2008,[8] which was denied by the Texas Court of Criminal Appeals on August 13, 2008.[9] This application was pending for a total of 217 days, extending the time to seek federal habeas review until Monday January 5, 2009.[10] Even with this extended deadline, however, the pending Petition, executed on December 11, 2015, remains untimely.

Ricks filed a second state habeas corpus application on December 8, 2014,[11] which the Texas Court of Criminal Appeals denied on July 29, 2015.[12] This application does not toll the limitations period under § 2244(d)(2) because it was filed after the limitation period had expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th

---

[8] Application for a Writ of Habeas Corpus, Docket Entry No. 19-18, p. 17.

[9] Action Taken on Writ No. 70,354-01, Docket Entry No. 19-18, p. 2.

[10] Without tolling, the statute of limitations would have expired on May 31, 2008. With tolling for 217 days from May 31, 2008, the limitations period expired on Saturday January 3, 2009. Thus, Ricks had until Monday January 5, 2009, in which to file his federal writ. Respondent contends that the deadline was tolled until January 5, 2010. See Motion for Summary Judgment, Docket Entry No. 20, p. 5. Even if the deadline were extended to January 5, 2010, however, the Petition would still be untimely.

[11] Application for Writ of Habeas Corpus, Docket Entry No. 19-1, pp. 5, 33.

[12] Action Taken on Writ No. 70,354-04, Docket Entry No. 19-32, p. 1.

Cir. 2000).

Ricks presents no other basis for statutory tolling and the record does not disclose any.[13] Ricks has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based; nor does there appear to be a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, Ricks fails to establish a statutory exception to the AEDPA limitations period.

C.  **Equitable Tolling**

The statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable

---

[13]Ricks also filed two applications for a writ of mandamus (Writ Nos. 70,354-02 and 70,354-03). See State Court Records, Docket Entry Nos. 19-26, 19-28, 19-31. A state mandamus application does not toll the one-year limitations period under § 2244(d)(2). See Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002).

tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1818 (2005)).

Ricks does not meet the first criteria for equitable tolling because he does not demonstrate that he has diligently pursued his rights before the limitations period expired. As noted above, Ricks contends that he is entitled to relief because he was denied his right to an appeal.[14] The record reflects that Ricks has been aware of the facts underlying this claim since 2008, when he filed his first state habeas corpus application.[15] In that application, Ricks alleged that he was denied effective assistance of counsel because his attorney failed to advise him of his right to an appeal.[16] Defense counsel filed an affidavit in response, refuting this contention:

> I represented Reginald Ricks in the 263rd Judicial District, Harris County, Texas. Mr. Ricks was convicted of [injury to a child]. He was assessed 50 years confinement in TDCJ. The matter was disposed of on May 1, 2007. At the conclusion of the punishment phase, and after the court had assessed the punishment, I proceeded to the "hold over" area of the courtroom. I delivered a Notice of Appeal to Mr. Ricks. I attempted to explain

---

[14]Petition, Docket Entry No. 1, pp. 6-7.

[15]Application for Writ of Habeas Corpus, Docket Entry No. 19-18, pp. 7-17.

[16]Id. at 12.

> his appellate rights to him and urged him to sign the notice of appeal. Mr. Ricks refused to sign the necessary paperwork. I informed him that without signing it he could lose his appellate rights. He again refused. I returned to the courtroom and advised the court of his refusal to sign and asked that a notation be made in the record. It was made in the court file.[17]

The state habeas corpus court found that Ricks "did not manifest to counsel a desire to appeal his conviction" and that he failed to demonstrate that he was denied the right to appeal his conviction.[18] The Texas Court of Criminal Appeals agreed and denied relief on August 13, 2008.[19] Ricks gives no valid explanation for his decision to delay seeking federal review. Ricks does not otherwise establish that review was prevented by an extraordinary circumstance. "Equity is not intended for those who sleep on their rights." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006) (citation omitted). Because Ricks demonstrates neither due diligence nor extraordinary circumstances, equitable tolling is not available. Absent any valid basis for tolling the statute of limitations, the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

---

[17]Affidavit of William H. Van Buren, Docket Entry No. 19-18, p. 38.

[18]Findings of Fact, Conclusions of Law and Order, Docket Entry No. 19-18, pp. 41, 42.

[19]Action Taken on Writ No. 70,354-01, Docket Entry No. 19-18, p. 2.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion to Dismiss (Docket Entry No. 20) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Reginald Ricks (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, this 1st day of August, 2016.

                                                SIM LAKE
                              UNITED STATES DISTRICT JUDGE